UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-62167-KMM

MATTHEW R. MCGUIGAN,

    Plaintiff,

v.

FAIR COLLECTIONS & OUTSOURCING, INC.,

    Defendant.
_____/

**OMNIBUS ORDER**

THIS CAUSE came before the Court upon a sua sponte review of the record. Currently pending before the Court are the following motions: (1) Defendant's Renewed Motion to Dismiss (ECF No. 20); (2) Defendant's Motion for Summary Judgment (ECF No. 24); and (3) Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 26). For the reasons set forth below, the Court now enters the following order.

**I.   Background**

On October 14, 2015, Defendant removed this action from state court on the basis of federal question jurisdiction. *See* (ECF No. 1). This cause of action stems from a voicemail Defendant left on Plaintiff's answering machine. In the Complaint, Plaintiff alleges that Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA") with respect to the underlying voicemail. Specifically, Plaintiff alleges that Defendant violated the FDCPA and FCCPA because third parties overheard the voicemail "when [Plaintiff] played the Voicemail." *See* Compl. ¶12.

On October 30, 2015, Defendant filed its initial Motion to Dismiss or alternatively a Motion for More Definite Statement. *See* (ECF No. 10). The Court never ruled on the motion, as the case was dismissed on November 16, 2015 for failure to file a joint scheduling report ("JSR"). *See* (ECF No. 11). The parties then submitted a JSR and the case was reopened on December 3, 2015 with trial set for the two-week period beginning June 27, 2016. *See* (ECF Nos. 13,14). Defendant then filed a Renewed Motion to Dismiss on March 21, 2016. *See* (ECF No. 20).

Plaintiff, an attorney proceeding pro se, failed to respond to the Renewed Motion to Dismiss pursuant to the Local Rules of the Court and the Court entered an Order to Show Cause for why the action should not be dismissed. *See* (ECF No. 25). In the Order, the Court instructed Plaintiff to "respond to each of the arguments supporting dismissal that Defendant raised in the Renewed Motion to Dismiss." *Id*. Plaintiff's thirteen line response filed on April 14, 2016 (ECF No. 28) failed to comply with the Court's Order in that the Response was filled with conclusory statements and provided no legal authority to buttress Plaintiff's opposition to dismissal.

Perhaps recognizing the deficiencies of his pleadings, Plaintiff contemporaneously filed a Motion for Leave to File an Amended Complaint (ECF No. 26) on April 14, 2016, which is six (6) months after the case originated in this Court. Approximately one week prior to this, Defendant filed a Motion for Summary Judgment (ECF No. 24) at the dispositive motion deadline. Plaintiff has not responded to that Motion and the time for doing so has passed.

**II.     DISCUSSION**

A district court has the authority to sua sponte dismiss a case under either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432

F.3d 1333, 1337 (11th Cir. 2005).  More specifically, a district court may, in its discretion, dismiss an action for failure to comply with local rules, such as those mandating the time for response to motions.  *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 450 (11th Cir. 2011) (per curiam).  To dismiss a case with prejudice, the court must find "a clear record of delay or contumacious conduct by the plaintiff."  *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citation and quotations omitted).

As the Court previously noted in its Order to Show Cause (ECF No. 25), Local Rule 7.1(c) provides, in relevant part:  "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c).  Plaintiff failed to adequately respond to Defendant's Renewed Motion to Dismiss pursuant to the Court's order.  Additionally, Plaintiff has not responded to Defendant's Motion for Summary Judgment and the time for doing so has passed.  Plaintiff has been made well aware of the Local Rules of this Court and his negligent conduct to date is teetering towards that which courts often find contumacious.

Moreover, the Court is not convinced that Plaintiff's untimely Motion for Leave to File an Amended Complaint could rectify the situation.  The Court's scheduling order provided a cutoff date of February 8, 2016 for amendments of the pleadings.  *See* (ECF No. 14).  Plaintiff's Motion to Amend was filed nearly six months after his complaint was filed and nearly two months after expiration of the deadline to amend the pleadings. [1]  No motions for extension of

---

[1]  The Court finds that Plaintiff's slumber on this issue rivals that of Rip Van Winkle.  *See* Washington Irving, *Rip Van Winkle and Other American Essays From the Sketch Book* 27 (Houghton, Mifflin & Co. 1891) ("Rip's story was soon told, for the whole twenty years had been to him but as one night.").

time were requested, nor did the Court enter superseding pretrial deadlines. At this point, a summary judgment motion has been filed and the case is proceeding to final adjudication. As a result, the pending motion is untimely under the Court's scheduling Order and may be denied on that ground alone. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the heart of this case is the authority of the district court to control the pace of litigation before it. At the outset, we stress the broad discretion district courts have in managing their cases[.]").

### III.   CONCLUSION

Based on what transpired in the course of this litigation, the Court is satisfied that Plaintiff is sufficiently aware of the Local Rule governing dismissal by default for a failure to respond. *Cf. Pierce v. City of Miami*, 176 F. App'x 12, 14 & n.2 (11th Cir. 2006) (per curiam) (vacating district court's dismissal of plaintiff's complaint for failure to respond pursuant to Local Rule 7.1(c) because "there [was] no evidence that [the plaintiff] was made aware of Local Rule 7.1C [sic], the basis for the court's order"). The Court therefore acts well within its discretion by dismissing this case without prejudice under its inherent power, pursuant to Southern District of Florida Local Rule 7.1(c), due to Plaintiff's failure to respond to Defendant's Renewed Motion to Dismiss.[2]

---

[2] Alternatively, the Court could have granted summary judgment in Defendant's favor as Defendant's uncontroverted Statement of Material Facts is undisputed by Plaintiff, supports Defendant's legal arguments, and Plaintiff has failed to respond to the motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Court. The Court is mindful that local rules—such as Local Rule 7.1(c)—that allow for motions to be granted by default, cannot form the sole basis for granting a summary judgment motion. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) ("[L]ocal rules cannot provide that summary judgment by default is appropriate."); *see also Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (upholding summary judgment because ruling was supported by evidentiary materials of record and not solely based on the non-movant's failure to oppose the motion). Although Defendant's

Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) is GRANTED WITHOUT PREJUDICE.

2. Defendant's Motion for Summary Judgment (ECF No. 24) is DENIED as MOOT.

3. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 26) is DENIED.

The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

submitted facts are deemed admitted, this "[C]ourt must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009); *see also One Piece of Real Prop.*, 363 F.3d at 1101–02 ("At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment."). Therefore, viewing the facts in the light most favorable to Plaintiff as the non-moving party, Defendant is alternatively entitled to summary judgment as the Court is satisfied that all the evidence on the record supports the uncontroverted material facts that Defendant has proposed and there remains no genuine issue of material fact.